No. 21-1786
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
_____

TIMOTHY KING, et al.,
*Plaintiffs*,

and

GREGORY J ROHL; BRANDON JOHNSON; HOWARD KLEINHENDLER;
SIDNEY POWELL; JULIA HALLER; SCOTT HAGERSTROM
*Interested Parties – Appellants,*

v.

GRETCHEN WHITMER; JOCELYN BENSON; CITY OF DETROIT, MI,
*Defendants - Appellees*
_____

On Appeal from the U.S. District Court for the Eastern District of Michigan,
Eastern Division, Case No. 2:20-cv-13134
_____

**Motion for Leave to File *Amicus Curiae* Brief of Judicial Watch, Inc. in
Support of Interested Parties – Appellants and Reversal**
_____

Paul Orfenedes
**JUDICIAL WATCH, INC.**
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

February 14, 2022                    *Counsel for Amicus Judicial Watch, Inc.*

Pursuant to Fed. R. App. P. 27 and 29, Judicial Watch, Inc. ("Judicial Watch") respectfully moves for leave to file the attached *amicus curiae* brief in support of Interested Parties-Appellants.

## IDENTITY AND INTERESTS OF *AMICUS CURIAE* AND AUTHORITY TO FILE

Judicial Watch is a non-partisan, public interest organization headquartered in Washington, DC. Founded in 1994, Judicial Watch seeks to promote accountability, transparency and integrity in government, and fidelity to the rule of law. In furtherance of these goals, Judicial Watch regularly files amicus briefs in this Court concerning voting cases. *See, e.g.*, *Ohio Democratic Party v. Husted*, Case No. 16-3561 (6th Cir. July 1, 2016) (Voting Rights Act Section 2 lawsuit concerning early voting period); *A. Philip Randolph Inst. v. Husted*, 838 F.3d 699 (6th Cir. 2016) (NVRA Section challenge to Ohio's list maintenance procedure; *A. Philip Randolph Inst. v. Husted*, 907 F.3d 913 (6th Cir. 2018) (same).

It is well-settled that leave to file an amicus brief as a friend of the court is a "privilege within the sound discretion of the courts" and granted upon a showing the "amicus is timely, useful, or otherwise necessary to the administration of justice." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (citations and internal quotation marks omitted); *see also In re Veolia North America, LLC*, 2022 U.S. App. LEXIS 2101, at *14-*15, Nos. 21-0103/0104/0105 (6th Cir. Jan. 24, 2022) (Sixth Circuit "may grant leave to file an amicus brief when desirable and … the matters

asserted are relevant to the disposition of the case," provided the brief complies with the requirements of FRAP 29).

Shortly after Interested Party-Appellant Sidney Powell filed her opening brief, Judicial Watch requested consent from all parties to file an amicus brief in support of Appellants. Appellants consented. State of Michigan Appellees indicated that though State Appellees did not concur in the motion, they would not oppose it. City of Detroit Appellees did not respond to Judicial Watch's request for consent.

The filing of Judicial Watch's amicus brief is authorized by Fed. R. Civ. P. 29(a)(1), which allows "amicus filings during a court's initial consideration of a case on the merits."

## THE PROPOSED AMICUS BRIEF WOULD BE USEFUL AND RELEVANT

Judicial Watch respectfully submits that the attached amicus brief would be useful and relevant for this Court in assessing the district court's analysis of Rule 11 sanctions for purposes of this appeal

Voting and election-related cases constitute some of the most contentious, political forms of civil rights litigation. These qualities are even more acute in post-election disputes where litigations schedules are compressed and available information is limited and often dynamic. Nevertheless, the prosecution (and defense) of election disputes play an important role in our political process.

As a conservative advocacy group that often brings election-related lawsuits, including those to enforce federal and state election integrity laws, Judicial Watch has a particular interest in the issues at stake here. In its amicus brief, Judicial Watch will highlight relevant and useful information that, in Judicial Watch's experience litigating civil rights case, the district court overlooked in its order sanctioning Appellants. The unprecedented surge in election related litigation both before and after the 2020 presidential election has caused led to uncertainty in areas of the law such as standing and sovereign immunity.

Judicial Watch's brief will also highlight the unique nature of post-election litigation. Compared to other types of civil litigation, these cases occur at breakneck speed often due to immovable, external federal and state deadlines such those for candidate qualifying, ballot printing and mailing, election day, and election certification, which force trial courts to forego many traditional formalities. The district court abused its discretion in overlooking the unique circumstances in this case.

## CONCLUSION

For the foregoing reason, Judicial Watch respectfully request this Court grant the motion for leave to file an amicus brief and reverse the lower court's order sanctioning Appellants.

February 14, 2022                              Respectfully submitted,

                                                         *s/ Paul Orfanedes*
                                                         Paul Orfanedes
                                                         **JUDICIAL WATCH, INC.**
                                                         425 Third Street SW, Suite 800
                                                         Washington, DC 20024
                                                         (202) 646-5172
                                                         porfanedes@judicialwatch.org

                                                         *Attorneys for Judicial Watch, Inc.*