No. 21-1786

In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TIMOTHY KING, et al,

    Plaintiffs,
and

GREGORY J. ROHL; BRANDON JOHNSON; HOWARD
KLEINHENDLER; SIDNEY POWELL; JULIA HALLER; SCOTT
HAGERSTROM,

    Interested Parties-Appellants,

v.

GRETCHEN WHITMER; JOCELYN BENSON; CITY OF DETROIT,
MI,

    Defendants-Appellees.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Linda V. Parker

**STATE DEFENDANTS-APPELLEES' RESPONSE TO
MOTION TO STAY ORDER**

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Counsel of Record
Attorney for Defendants-
Appellants
PO Box 30736
Lansing, Michigan 48909
517.335.7659

Dated:  February 18, 2022

# TABLE OF CONTENTS

                                                                        Page

Table of Contents ..................................................................... i

Index of Authorities................................................................ iii

Introduction........................................................................... 1

Relevant Facts........................................................................ 1

Argument.............................................................................. 5

    A.   The Plaintiff Attorneys' motion should be denied for
        two threshold reasons. ........................................... 6

        1.   The Plaintiff Attorneys have not shown that
               moving for a stay in the District Court would
               have been impracticable and their motion should
               be denied. ...................................................... 6

        2.   The Plaintiffs Attorneys' explanation for their
               delay in filing this emergency motion is
               unpersuasive and merits denial of the motion............. 9

    B.   The Plaintiff Attorneys have not satisfied the requisite
        factors for granting a stay pending appeal........................... 10

        1.   The Plaintiff Attorneys have not shown serious
               questions going to the merits of the District
               Court's order imposing non-monetary sanctions. ....... 10

        2.   The Plaintiff Attorneys will not be irreparably
               harmed absent a stay.................................................. 15

        3.   The threat of harm to others and the public
               interest weighs against granting a stay...................... 19

Conclusion and Relief Requested........................................... 20

Certificate of Service .......................................................... 21

Certificate of Compliance .......................................................... 22

# INDEX OF AUTHORITIES

Page

## Cases

*Advo Sys, Inc. v. Walters*, 110 F.R.D. 426 (E.D. Mich. 1986) ................ 14

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ...................................... 11

*Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274 (3rd Cir. 1994) ................. 14

*In re Bagsby*, 2020 WL 2025906 (6th Cir., April 27, 2020) ................... 18

*In re DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir. 1985) ....................... 6

*King v. Fleming*, 899 F.3d 1140 (10th Cir. 2018) ................................. 14

*Libertarian Party of Ky v. Grimes*, 835 F.3d 570 (6th Cir. 2016) ........... 10

*Mich. Coal. of Radioactive Material Users v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991) ......................................................... 6, 15

*Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566 (6th Cir.2002) ....................................................................... 17

## Rules

E.D. Mich. L.R. 83.22(d) ....................................................................... 11

Fed. R. App. P. 8(a)(1)(A) ....................................................................... 6

## INTRODUCTION

Nearly 6 months ago, the District Court ordered the Plaintiff Attorneys to attend continuing legal education courses and referred them to their respective disciplinary committees for investigation and possible discipline as a sanction for their misconduct in filing this lawsuit that sought to undermine the results of Michigan's 2020 presidential election. The court also awarded attorney fees to Defendants—Governor Gretchen Whitmer, Secretary of State Jocelyn Benson, and the City of Detroit.

Now, on the eve of their deadline for complying with this order, and well after the disciplinary referrals have already been made, the Plaintiff Attorneys seek to stay these sanctions. But this tardy attempt to evade these sanctions should be denied where the Plaintiff Attorneys cannot satisfy any of the factors supporting a stay.

## RELEVANT FACTS

Not long after the District Court denied Plaintiffs' motion for injunctive relief on December 7, 2020 (R. 62, Op. & Order, Page ID ## 3301-3328), Intervenor Defendant City of Detroit filed a Rule 11 motion seeking sanctions against Attorneys Wood, Powell, Kleinhendler, Rohl, Hagerstrom, Juntilla, Newman, Haller, and Johnson. (R. 78, COD

Mot., Page ID # 3616.)  Although Defendants Michigan Governor
Gretchen Whitmer and Michigan Secretary of State Jocelyn Benson had
hoped to follow with their own Rule 11 motion, the press of other
business prevented them from doing so.  Instead, the State Defendants
filed a concurrence in support of the City's motion but preserved their
opportunity to file their own motion.  (R. 84, State Con., Page ID #
3879.)  A short time later, Plaintiffs voluntarily dismissed their case.
(*See, e.g.*, R. 86, Vol. Dis. State, Page ID # 4030.)

On January 28, 2021, the State Defendants filed a motion for
sanctions under 28 U.S.C. § 1927 and the District Court's inherent
authority, seeking sanctions against Attorneys Powell, Rohl,
Hagerstrom, and Juntilla.  (R. 105, State Mot., Page ID # 4334.)  The
State followed this filing with a reply brief (R. 116, State Reply, Page ID
# 4741), and a supplemental brief in support of their motion.  (R. 118,
State Supp. Page ID # 4796-4809.)

On July 12, 2021, the District Court held an extensive hearing on
the City's and the State's motions for sanctions, after which the court
permitted supplemental briefing by the parties.  (R. 150, Page ID #

5269.)  The State Defendants filed their supplemental brief on August

4, 2021.  (R. 166, State Supp., Page ID # 6583.)

On August 25, 2021, the District Court issued a lengthy, thorough

opinion granting the City's and the State's motions for sanctions.  (R.

172, Opn. & Order sanctions, Page ID # 6890.)  In addition to ordering

Plaintiffs' Attorneys to pay the City's and the State's fees and costs

incurred in defending this action, the court ordered various non-

monetary sanctions:

> Plaintiffs' attorneys shall each complete at least twelve (12)
> hours of continuing legal education in the subjects of
> pleading standards (at least six hours total) and election law
> (at least six hours total) *within six months of this decision.*
> Any courses must be offered by a non-partisan organization
> and must be paid for at counsel's expense. *Within six months
> of this decision*, each attorney representing Plaintiffs shall
> file an affidavit in this case describing the content and
> length of the courses attended to satisfy this requirement.

(*Id*, Page ID # 6998-6999) (Emphasis added).  Thus, pursuant to the

opinion and order, Plaintiffs' Attorneys were to complete their

continuing legal education classes and file an affidavit with the Court

by February 25, 2022, which is 6 months from the court's decision.  The

District Court also ordered the Clerk of the Court to send a copy of the

court's decision to the "appropriate disciplinary authority for the

jurisdiction(s) where each attorney is admitted" for investigation and possible discipline. (*Id*., Page ID # 6999.)

Pursuant to the District Court's opinion, the State, (R. 173, State's costs, Page ID # 7000), and the City submitted their requests for attorney fees. Although Plaintiffs' Attorneys filed "objections," none of the Attorneys against whom the State sought sanctions contested the amount of fees requested by the State. (*See* R. 175, Rohl et al Objection, Page ID # 7098.)

On December 2, 2021, the District Court issued its opinion and order awarding the City and the State attorney fees. (R. 179, Opn. & Order fees, Page ID # 7142.) The Court awarded the State its requested amount of $21,964.75 and $153,285.62 to the City. (*Id*., Page ID # 7168.) The court further ordered that if any party appealed the opinion ordering fees or the opinion ordering sanctions, the obligation to pay the attorney fees was "stayed pending resolution of all appeals." (*Id*.) The court did not address or stay the non-monetary sanctions.

Subsequently, all Plaintiffs' Attorneys appealed both the order granting sanctions and the order granting fees thereby staying the fee award, but not the non-monetary sanctions. (*See* Case Nos. 21-1785

(Wood), 21-1786 (Powell, Kleinhendler, Rohl, Johnson, Hagerstrom, and Haller), 21-1787 (Newman), and 22-1010 (Juntilla.) Specifically, Attorneys Powell, Kleinhendler, Rohl, Haller, Johnson and Hagerstrom filed their notice of appeal on December 3, 2021. (R. 182, Page ID # 7174.)

Over two months later, on February 14, 2022, Attorneys Powell, Kleinhendler, Rohl, Haller, Johnson and Hagerstrom filed an emergency motion to stay the District Court's imposition of the non-monetary sanctions. (Case No. 21-1786, ECF No. 32, Emerg. Mot.) Attorneys Wood, Newman, and Juntilla have not filed similar motions.

For the reasons set forth below, the State Defendants oppose the emergency motion for stay.

## ARGUMENT

This Court considers four factors in determining whether to grant a stay: 1) "whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits"; 2) the likelihood the "applicant will be irreparably injured absent a stay"; 3) "whether issuance of the stay will substantially injure" other interested parties; and 4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The first two factors "are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). But while the party seeking a stay "need not always establish a high probability of success on the merits," the party "is still required to show, at a minimum, 'serious questions going to the merits.' " *Mich. Coal. of Radioactive Material Users v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991) (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).  Every factor of this balancing test supports denying the Appellants' motion for an emergency stay.

### A.    The Plaintiff Attorneys' motion should be denied for two threshold reasons.

Before addressing the requisite stay factors, this Court should consider denying counsels' motion where they could have, and should have, requested a stay from the District Court, and where they have unreasonably delayed in filing the instant motion.

### 1.    The Plaintiff Attorneys have not shown that moving for a stay in the District Court would have been impracticable and their motion should be denied.

Under Fed. R. App. P. 8(a)(1)(A), (2)(A)(i), a party must ordinarily move first in the district court for a stay pending appeal unless the party can show that doing so would be impracticable.

The Plaintiff Attorneys first argue that they did not move for a stay in the District Court because of that court's delay in entering the order determining the fee award (entered December 2, 2021), which order was necessary to obtain this Court's jurisdiction but which made it impossible "for the District Court and this Court both to receive full briefing and issue a decision in ordinary course in advance of the February 25 deadline." (ECF No. 32, p 3.)

But with respect to the imposition of non-monetary sanctions, the August 25, 2021, opinion and order by the District Court was complete in and of itself. Thus, it would seem the Plaintiff Attorneys could have moved to stay those sanctions in the District Court any time after the issuance of that opinion, particularly if counsel wished to stay the bar referrals. But even if counsel were somehow required to wait for the fee order before seeking a stay as to those sanctions, there was time to file first in the District Court. The District Court is well versed in this case and counsels' 15-page motion to stay the non-monetary sanctions could have been filed with that court shortly after the court's December 2 opinion and order. Presumably, the court would have acted expeditiously on the motion, and, if it had been denied, counsel could

then have moved this Court. Indeed, had the Plaintiff Attorneys acted expeditiously, there is no reason to believe that a motion to stay could not have been resolved by both courts well before February 25. Indeed, counsel expect that this Court will resolve their emergency motion in a matter of 9 business days.

The Plaintiff Attorneys next argue that moving in the District Court would have been futile because they believe the District Court would have denied their motion. They argue that "the District Court's sua sponte stay of the monetary portion of the judgment effectively decided the issue whether to stay the non-monetary portions, particularly because the case for staying the non-monetary portions, which implicate Appellants' First Amendment and other rights, is so much stronger. It is therefore appropriate to ask this Court for a stay in the first instance." (ECF No. 32, p 4.)

But the fact that the District Court sua sponte stayed the fee order does not clearly indicate the court would have denied a motion as to the non-monetary sanctions. It is not unusual to stay an order granting attorney fees when it is likely that an appeal will follow. The District Court anticipated the appeals and short-cut the process by

issuing a stay as to fees. Moreover, as noted above, there was no reason to discuss or address the non-monetary sanctions in the fee opinion and order since the August 25 opinion and order was complete as to those sanctions. Thus, the District Court's practical move in conditionally staying the fee order says nothing about how the court may have ruled on a motion to stay the non-monetary sanctions.

Under these circumstances, the Plaintiff Attorneys have not shown that moving the District Court first would have been impracticable either because of timing or because doing so would have been futile.

### 2. The Plaintiffs Attorneys' explanation for their delay in filing this emergency motion is unpersuasive and merits denial of the motion.

Even if the Plaintiff Attorneys motion is deemed properly filed before this Court, counsel unreasonably delayed in seeking relief. The Plaintiff Attorneys waited 73 days from the filing of their appeal to file the instant "emergency" motion to stay the non-monetary sanctions imposed by the District Court in its August 25 sanctions order. And their filing on February 14 was a mere 9 business days before the

February 25 date by which counsel are to have completed the

continuing legal education requirements ordered by the District Court.

Counsel assert that they "have not sought a stay at an earlier date

because they thought it prudent to do so only after their First

Amendment and other merits arguments were fully fleshed out in light

of the lengthy district court order and the extensive record below."

(ECF No. 32, p 4.)  Even if that was a persuasive reason, which it is not

since presumably this Court will resolve the motion on the papers

before it and not elsewhere, Plaintiffs' Attorneys filed their appeal brief

on February 7 and then waited yet another week to file their emergency

motion.

Counsel have had months to seek a stay of these sanctions but sat

on their hands and have done so now virtually at the last minute.

Counsel have created their own "emergency" by their delay and an

unnecessary "emergency" for this Court and Defendants.

**B.    The Plaintiff Attorneys have not satisfied the
       requisite factors for granting a stay pending appeal.**

**1.    The Plaintiff Attorneys have not shown serious
       questions going to the merits of the District
       Court's order imposing non-monetary sanctions.**

The Plaintiff Counsel make three points in support of this factor.

First, relevant to the State Defendants, they argue the court's August 25 sanctions order imposing the non-monetary sanctions is defective because the State Defendants only moved for sanctions under 28 U.S.C. § 1927 and the court's inherent authority, neither of which support imposing non-monetary sanctions.  (ECF No. 32, pp 8-9.)  But the District Court clearly possesses the power, under its inherent authority, to impose non-monetary forms of punishment.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (listing examples of non-monetary sanctions courts may impose under their inherent authority, such as dismissal of a case).  Consistent with the court's inherent authority, the local court rules also gave the District Court authority to impose non-monetary sanctions for attorney misconduct.  *See* E.D. Mich. L.R. 83.22(d).

Thus, while the State Defendants did not expressly request non-monetary sanctions, deeming such determinations better left to the court, the court was authorized to impose them pursuant to the State's motion.  And the State Defendants fully support the District Court's ordering of such sanctions in this matter.

11

The Plaintiff Attorneys also suggest that the sanctions order was defective in that it did not apportion blame or fault to particular counsel.  (ECF No. 32, pp 9-10.) The State moved for sanctions against Powell, Rohl, Hagerstrom and Juntilla under § 1927 and the court's inherent authority.  The State understands the court's sanctions order as holding these attorneys equally at fault for the wrongful conduct alleged in the State's motion and thus there was no need to distinguish them for purposes of granting the State's motion.

Second, the Plaintiff Attorneys argue that the District Court's requirement that counsel attend courses conducted by a "non-partisan organization" violated the First Amendment.  (ECF No. 32, pp 10-11.) The Plaintiff Attorneys acknowledge that the court did not define or explain what it meant by the term "non-partisan." (*Id*.) Certainly, the term can be understood to mean that the organization providing the continuing legal education courses is to provide the coursework in an impartial or unbiased manner.[1]  But if the Plaintiff Attorneys had questions or concerns as to what the District Court meant by this term,

---

[1] *See* Merriam Webster Dictionary's entry for term "nonpartisan" available online at Nonpartisan Definition & Meaning - Merriam-Webster.

or felt strongly that their speech rights were being violated, as they apparently do now, they could have filed a motion for clarification or for reconsideration of that portion of the court's sanctions order.  Or, as noted above, they should have moved for a stay in the District Court so that the court could address the issue, since it was the body that chose the terminology and thus knows what it intended.

Third, the Plaintiff Attorneys argue that they should not have been sanctioned for relying on the sworn testimony of numerous witnesses.  (ECF No. 32, pp 12-13.)  Again, the State notes that it moved against Attorneys Powell, Rohl, Hagerstrom, and Juntilla, under § 1927 on the grounds that these attorneys vexatiously and unreasonably multiplied the proceedings in this case.  The District Court granted the State's motion on these grounds, which was not tied to the concerns regarding the factual basis for Plaintiffs' lawsuit.  (R. 172, Opn. & Order fees, Page ID # 6936-6941.) So, the Plaintiff Attorneys argument is irrelevant to the court's grant of sanctions under § 1927.

However, the State also requested sanctions under the court's inherent authority, which the District Court granted, and which

13

decision was based, in part, on the court's discussion of the factual basis for the lawsuit, including the numerous affidavits submitted to the court. (*Id.*, Page ID # 6990-6991.)  Given the truncated time the State was given to respond to the emergency motion, it is not possible to fully respond to this argument. But in short, the law requires a party and its counsel to conduct a reasonable inquiry into the law and facts before filing a lawsuit. *Advo Sys, Inc. v. Walters*, 110 F.R.D. 426, 430 (E.D. Mich. 1986).  This includes an obligation to look into the veracity of an exhibit filed with court, such as an affidavit, *see, e.g., King v. Fleming*, 899 F.3d 1140, 1148-49 (10th Cir. 2018), or allegations made by other persons, including attorneys, *see, e.g, Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274, 1278-79 (3rd Cir. 1994).  Here, the District Court meticulously walked through the Plaintiff Attorneys' failures to conduct a reasonably inquiry into the factual allegations made in the complaint and in the numerous affidavits or reports filed by counsel. (R. 172, Opn. & Order, Page ID ## 6954-6990.)  And the court's conclusions were clearly supported by the testimony elicited from counsel at the July 12, 2021, hearing on the motions. (R. 157, 7/12/21 Trans.)  As the State Defendants argued in their supplemental brief below, it was clear that

14

counsel had not conducted a reasonable inquiry into the factual allegations underlying the complaint.  (R. 166, State Supp., Page ID # 6598-6602.)

And fourth, the Plaintiff Attorneys argue that they should have received the benefit of Rule 11's "safe harbor" provision.  (ECF No. 32, pp 13-14.)  Since the State Defendants did not move under Rule 11, this argument appears to pertain solely to the City of Detroit's motion, and the State leaves the defense of this argument in counsel for the City's capable hands.

On the face of their motion, the Plaintiff Attorneys have not shown that there are serious questions going to the merits of the claims on appeal.  *Mich. Coal. of Radioactive Material* Users, 945 F.2d at 153-54.

### 2.    The Plaintiff Attorneys will not be irreparably harmed absent a stay.

The Plaintiff Attorneys argue that "[t]here can be no serious dispute that [they] would be irreparably injured if suspended or disbarred, or otherwise disciplined, based on the District Court's erroneous order."  (ECF No. 32, p 15.)  They further assert "[t]here should likewise be no serious dispute that a referral from a federal

judge suggesting such serious penalties puts [them] in danger of such,"
and "[b]ecause they would be punished for protected First Amendment
activity, they would also be irreparably injured as a matter of law."
(*Id.*)

To the extent counsel claim irreparable harm based on the District
Court's referrals for investigation and possible discipline by the various
bar committees, that ship has sailed.  Again, as noted above, the August
25 order was complete as to the non-monetary sanctions, meaning those
sanctions applied immediately.  And in its later opinion and order
determining the fee award, the District Court stated, in the past tense,
that it had "referred" counsel to the appropriate disciplinary
committees.  (R. 179, Opn. & Order fees, Page ID # 178, n 1.)  On
February 18, 2022, the undersigned counsel contacted the District
Court's office to confirm that the referrals to the various disciplinary
committees had been made and was informed by court staff that the
referrals had been mailed within days of the August 25, 2021, opinion
and order.  Upon information and belief, the various disciplinary
committees have already received and processed the court's referrals.

Counsel suggest that this Court could still provide relief by "directing the [District Court] Clerk to send letters recalling any transmission." (ECF No. 32, p 3.) But even if this Court did so, which it should not, that would not cure any of the actions already taken by the various non-party bar committees. The Plaintiff Attorneys have simply waited too long to seek relief from this Court. Thus, even if the referrals could constitute irreparable harm, there is no effective relief this Court can provide through a stay.

Turning to the continuing legal education requirements, the District Court ordered that counsel, at their own expense, complete at least six hours each of continuing legal education in the subjects of pleading standards and election law "offered by a non-partisan organization." (R. 172, Opn. & Order sanctions, Page ID # 6998-6999.)

Irreparable harm is generally defined as harm that cannot be fully compensated by monetary damages. *See Overstreet v. Lexington–Fayette Urban Cnty. Gov't,* 305 F.3d 566, 578 (6th Cir.2002). Here, if this Court were to conclude that imposing sanctions in the first instance or that the nature of the sanctions imposed, i.e., the continuing legal education requirement, were an abuse of discretion, the Plaintiff

17

Attorneys could be compensated the cost of the classes and possibly for the time they spent in class.  In other words, counsel could be made whole monetarily.

The Plaintiff Attorneys also argue that being required to take classes as a form of sanction violates their First Amendment rights, which is an irreparable harm.  But courts frequently order attorneys to participate in continuing legal education classes as a sanction for bad conduct.  *See, e.g., In re Bagsby*, 2020 WL 2025906 (6th Cir., April 27, 2020) (affirming bankruptcy court's imposition of sanctions, which included order for attorney to attend 10 hours of continuing legal education classes).  To the extent counsel base their First Amendment concerns on the District Court's direction that they take classes from a "non-partisan organization," that argument is unpersuasive for the reasons stated above.

Regardless, it is difficult to see how the Plaintiff Attorneys will suffer any irreparable harm by attending 12 hours of continuing legal education classes.  Most attorneys take such classes on occasion as part of being licensed practitioners.  And the Plaintiff Attorneys cite no authority suggesting that they have a protected right to pick a partisan

organization, should there be any, as the provider of the continuing legal education courses.

For these reasons, the Plaintiff Attorneys have failed to show that they will suffer irreparable harm absent a stay of the District Court's non-monetary sanctions.

### 3. The threat of harm to others and the public interest weighs against granting a stay.

The threat of harm to others and public interest factors both weigh in favor of denying a stay in this case. As noted in the District Court's opinion, the Plaintiff Attorneys committed serious ethical lapses in filing this lawsuit—a lawsuit that was meant to challenge the very fabric of our democracy by sowing doubt in the results of the presidential election and discouraging a peaceful transition of power. The Plaintiff Attorneys have shown no remorse or contrition for their actions, and indeed Attorney Powell stated at the end of the hearing in this matter that the attorneys would file the same lawsuit all over again. (R. 157, p 232.) While this Court cannot stop counsel from filing additional, unsupported lawsuits, it can at least compel counsel to attend their continuing education courses by denying the requested stay. The public interest will be served in doing so.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Defendants Governor Gretchen Whitmer and Secretary of State Jocelyn Benson respectfully request that this Honorable Court deny the Plaintiff Attorneys' emergency motion for a stay pending appeal of the non-monetary sanctions imposed by the District Court in its August 25, 2021, opinion and order.

Respectfully submitted,

DANA NESSEL
Attorney General

*s/Heather S. Meingast*
Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: meingasth@michigan.gov
P55439

Dated: February 18, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Heather S. Meingast*
Heather S. Meingast (P55439)
Assistant Attorney General
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email:  meingasth@michigan.gov
P55439

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the part of the document exempted by Federal Rule of Appellate Procedure 32(f), this brief contains no more than 5,200 words.  This document contains 3,824 words.

2.    This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 14-point Century Schoolbook.

*s/Heather S. Meingast*
Heather S. Meingast (P55439)
Assistant Attorney General
Co-Counsel of Record
Attorney for Defendants-Appellants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659