

December 5, 2022

VIA ECF

The Honorable Deborah S. Hunt
Office of the Clerk
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

    Re:   *Timothy King, et al., v. Gretchen Whitmer, et al.,* Case No. 21-1786

Dear Ms. Hunt:

    Pursuant to Rule 28(j), Appellee City of Detroit submits this response to Appellants' First Citation Supplemental Authorities (Case No. 21-1786, Dkt. 67). The authorities cited in Appellants' First Citation of Supplemental Authorities are completely irrelevant to this appeal.

    That judgment against the plaintiffs was entered in *Ebenezer Baptist Church of Atlanta, Georgia, Inc. v. Raffensperger*, No. 18-cv-05391 (N.D. Ga.) without a request for sanctions is irrelevant. The District Court did not sanction Appellants for filing a lawsuit alleging election irregularities; it sanctioned Appellants because they asserted, in bad faith and for an improper purpose, claims that had no colorable basis in fact or law. The *Ebenezer Baptist Church* case was evidently not baseless as some of the plaintiffs' claims survived multiple motions for summary judgment and were disposed of only after a bench trial. *See generally* Docket Sheet for *Ebenezer Baptist Church of Atlanta, Georgia, Inc. v. Raffensperger*, No. 18-cv-05391 (N.D. Ga.). The mere fact that another district court was not asked to award sanctions in another election case has no bearing on the District Court order here at issue.

38500 Woodward Ave., Suite 350 • Bloomfield Hills, Michigan 48304 • T 248.971.2500 • F 248.971.2600
535 Griswold Street, Suite 1000 • Detroit, Michigan 48226 • T 313.387.3300 • F 313.794.9899
www.finkbressack.com

The other authorities cited by Appellants are equally irrelevant. Indeed, most of them are citations to news reports, not legal authority, thereby rendering Appellants' submission improper under Rule 28(j), which limits a Citation of Supplemental Authorities to "pertinent and significant authorities." That there are some isolated instances of election irregularities after each election is uncontested, but they have no bearing on this appeal. The District Court sanctioned Appellants because they filed claims that had no basis in fact or law; it did not sanction them because it found that election irregularities do not exist. Likewise, the ruling of the Delaware Supreme Court that certain Delaware statutes relating to absentee voting and same-day voter registration violated the Delaware Constitution has absolutely no relevance to this appeal.

Respectfully Submitted,

/s/ *David H. Fink*
David H. Fink
*Attorney for Appellee City of Detroit*

As required by Rule 28(j), I certify that the body of this letter does not exceed 350 words.

/s/ *David H. Fink*

Cc:   CM/ECF all counsel of record.