STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. Box 30736
Lansing, Michigan 48909

**DANA NESSEL**
ATTORNEY GENERAL

March 14, 2023

The Clerk of the United States Court of Appeals
Sixth Circuit
Office of the Clerk
Attn: Deborah S. Hunt, Clerk
540 Potter Stewart U.S. Courthouse
100 E. Fifth Street
Cincinnati, Ohio 45202-3988

      Re:   Response to Supplemental Authority
              *King, et al. v. Whitmer, et al.*, Case No. 21-1786

Dear Ms. Hunt:

    Pursuant to Rule 28(j), Appellees Governor Whitmer and Attorney General Nessel submit this response to Appellant Sidney Powell's Citation of Supplemental Authority (Case No. 21-1786, Dkt. 74).

    Powell recasts the Texas court's dismissal of the bar grievance as a complete exoneration of any ethical violations, including in the instant litigation. She suggests the decision "implicitly include[d] a finding of no evidence [the *King*] case was frivolous."

    But review of the Texas decision reveals no merit-based exoneration, but rather a procedural-type dismissal due to regrettable mistakes by counsel for the Texas Commission for Lawyer Discipline, such as failing to properly identify exhibits. (See attached.)

    Nor, whatever its basis, does the decision have any preclusive effect on this Court. See, e.g., *In re Ruffalo*, 390 U.S. 544, 547 (1968) (although state disciplinary proceedings are "entitled to respect" they are not "conclusively binding" on federal courts). Indeed, Powell does

Deborah S. Hunt, Clerk
Page 2
March 14, 2023

not attempt to argue that the decision has any preclusive effect on this Court.

Here, the validity of the State's award of sanctions under 28 U.S.C. § 1927 and the district court's inherent authority does not hinge on showing that Powell violated a particular state's ethical rules—or, as here, whether the proper evidence was submitted to allow the deciding body to make a determination as to whether ethical rules were violated—but rather on the tests articulated by the courts for imposing sanctions under those theories.

On that front, a recent decision by the Tenth Circuit Court of Appeals upholding the imposition of sanctions in favor of Appellees Whitmer and Nessel in another elections case is more apropos. *See O'Rourke, et al. v. Dominion Voting Systems*, 2022 WL 17588344 (December 13, 2022) (affirming award of sanctions in favor of multiple defendants under Rule 11, 28 U.S.C. § 1927, and court's inherent authority).

                                          Respectfully submitted,

                                          *s/Heather S. Meingast*
                                          Heather S. Meingast
                                          Assistant Attorney General
                                          Attorney for Defendant

HSM/lsa
Enclosure
cc:    Attorneys of Record

As required by Rule 28(j), I certify that the body of this letter does not exceed 350 words.

                                          *s/Heather S. Meingast*
                                          Heather S. Meingast
                                          Assistant Attorney General
                                          Attorney for Defendant

Cause No. DC-22-02562

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| SIDNEY POWELL, | § § | |
| Defendant. | § | 116th JUDICIAL DISTRICT |

## FINAL SUMMARY JUDGMENT

With the parties having elected to forego oral argument, the Court considered on submission Powell's July 20, 2022 motion for summary judgment (partial) and Powell's December 28, 2022 motion for no-evidence summary judgment. The Court rules as follows:

## I. COMMISSION'S MOTION FOR CONTINUANCE

On the Commission's express motion for continuance of Powell's partial motion for summary judgment, and to the extent, if any, the Commission intended to include Powell's no-evidence motion, the Court rules that the request, being unsupported by affidavit and wholly failing to comply with Texas Rules of Civil Procedure 251 and 252, is DENIED.

## II. DEFECTS IN COMMISSION'S RESPONSE

Page two of the Commission's second amended response lists six documents purportedly included in its appendix, Exhibits A through F. The actual documents attached to the response were marked Exhibits A through H, and did not match the

documents described in the brief. The Court alerted the parties to difficulty locating materials cited in the Commission's brief, but the Commission responded that no corrective action was necessary.[1]

The Commission's second amended response contained only three citations to purported summary judgment evidence.[2] The first and second citations were to Exhibit F at page 7, paragraph 12, and to Exhibit F at page 8, paragraph 12. These citations appear to refer correctly to the document marked and attached as Exhibit F, though the exhibit appears to have been originally listed as Exhibit D on page two of the Commission's response. The third citation was to Exhibit E at page 8, footnote 8, which appears to have been intended to refer to the document marked and attached as Exhibit G.

For clarity of the summary judgment record, in light of the numerous defects in the Commission's exhibits, the Court did not consider any document identified by the Commission that the Commission failed to cite or attach. Similarly, the Court did not consider any document attached by the Commission that the Commission failed to cite or identify. In short, the only exhibits considered by the Court were the two documents cited as summary judgment evidence and attached by the Commission: the documents marked Exhibits F and G.

---

[1] Specifically, the Commission cited to Exhibit E at page 8, footnote 8. No footnotes are visible on Exhibit E. Email communication was exchanged wherein the Court sought clarification regarding Exhibit E (copy filed separately). The Commission declined to correct its record.

[2] The Commission cited to other exhibits only in support of its request for a continuance, denied *supra*.

## III. EVIDENTIARY OBJECTIONS

Powell's objections that the Commission's Exhibits B and C are not competent summary judgment evidence are well-taken and SUSTAINED.

Powell's objection that the Commission's Exhibit D—the document marked and attached as Exhibit F—is not competent summary judgment evidence is SUSTAINED IN PART. While pleadings are not evidence of the matters stated therein, the document marked and attached as Exhibit F is competent evidence of the fact that such pleading was filed by Powell and others, and was considered for that limited purpose.

Powell's objection that the Commission's Exhibit E—the document marked and attached as Exhibit G—is not competent summary judgment evidence is well-taken and SUSTAINED.

The Commission's hearsay objection to paragraph 10 of the MacDougald affidavit is well-taken and SUSTAINED.

The Commission's remaining objections to Powell's summary judgment evidence are OVERRULED.

## IV. NO-EVIDENCE SUMMARY JUDGMENT

The Commission did not respond to Powell's no-evidence motion challenging elements of the Commission's claims under Rules 3.01, 3.02, or 3.04. Accordingly, the motion is granted as to those claims.

With the Commission's sole competent summary judgment evidence being Exhibit F, considered solely for its limited purpose—evidence of a pleading filed by

Powell and others—the Commission has failed to meet its burden on the challenged elements of the Commission's claims under Rules 3.03(a)(1), 3.03(a)(5), and 8.04(a)(3). Accordingly, the motion is granted as to those claims.

IT IS THEREFORE ORDERED that Powell's no-evidence motion for summary judgment is GRANTED in its entirety.

## V. PARTIAL SUMMARY JUDGMENT

IT IS FURTHER ORDERED that Powell's partial motion for summary judgment on the Commission's claims under Rules 3.03(a)(1), 3.03(a)(5), and 8.04(a)(3) is GRANTED in its entirety.

This order resolves all claims between all parties and is final and appealable.

Signed on February 22, 2023.

*Andrea K. Bouressa*
PRESIDING JUDGE