In the
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TIMOTHY KING, et al,

    Plaintiffs,

and

GREGORY J. ROHL; BRANDON JOHNSON; HOWARD
KLEINHENDLER; SIDNEY POWELL; JULIA HALLER; SCOTT
HAGERSTROM,

    Interested Parties-Appellants,

v.

GRETCHEN WHITMER; JOCELYN BENSON; CITY OF DETROIT,
MI,

    Defendants-Appellees.

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Linda V. Parker

## STATE DEFENDANTS-APPELLEES' RESPONSE TO
## SECOND MOTION TO RECALL MANDATE

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Counsel of Record
Attorney for Defendants-
Appellants
PO Box 30736
Lansing, Michigan 48909
517.335.7659

Dated:  May 13, 2024

# TABLE OF CONTENTS

Page

Table of Contents ...................................................................................... i

Index of Authorities.................................................................................. ii

Introduction ............................................................................................ 1

Relevant Facts ......................................................................................... 1

Argument ................................................................................................ 4

    A.    The Supreme Court decisions in *Moore v. Harper* and
        *FBI v. Fikre* do not call into question the integrity of
        this Court's opinion affirming the imposition of
        sanctions against the Plaintiff Attorneys.............................. 5

    B.    The State Defendants have not committed a fraud
        upon this Court that would give rise to extraordinary
        circumstances warranting recall of the mandate................ 11

    C.    The Plaintiff Attorneys have not identified any
        extraordinary circumstances warranting recall of the
        mandate in connection with the Court's affirmance of
        the bar-referral sanctions. ..................................................... 18

    D.    This Court should sanction Plaintiffs' counsel for this
        frivolous filing. ..................................................................... 19

Conclusion and Relief Requested............................................................ 23

Certificate of Service .............................................................................. 24

Certificate of Compliance ....................................................................... 25

# INDEX OF AUTHORITIES

Page

**Cases**

*BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742 (6th Cir. 2010) ..................................................................................22

*BellSouth Corp. v. FCC*, 96 F.3d 849 (6th Cir. 1996) .............................5

*Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308 (6th Cir. 1997) ..................................................................................21

*Bogaert v. Land*, 543 F.3d 862 (6th Cir. 2008) .......................................12

*Calderon v. Thompson*, 523 U.S. 538 (1998)..............................................4

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).......................................21

*Demjanjuk v. Petrovsky,* 10 F.3d 338 (6th Cir. 1993)......................11, 12

*FBI v. Fikre*, 144 S. Ct. 771 (2024)..................................................*passim*

*Genetski, et al v. Benson*, Mich. Ct. Cl. 20-000216-MM (2021) ....9, 10, 20

*Holmes v. City of Massillon*, 78 F.3d 1041 (6th Cir. 1996).....................20

*In re Ruben*, 825 F.2d 977 (6th Cir. 1987) ............................................20

*Metz v. Unizan Bank*, 655 F.3d 485 (6th Cir. 2011) ..............................21

*Moore v. Harper*, 143 S. Ct. 2065 (2023).......................................*passim*

*Patterson v. Haskins*, 470 F.3d 645 (6th Cir. 2006).................................5

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642 (6th Cir. 2006) ........................................................20

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) ............................21

*United States v. Saikaly*, 424 F.3d 514 (6th Cir. 2005)............................4

*University of Texas v. Camenisch,* 451 U.S. 390 (1981) ........................12

*Workman v. Bell*, 227 F.3d 331 (6th Cir. 2000) ........................................ 11

**Other Authorities**

28 U.S.C. § 1927 .................................................................. 4, 5, 19, 20, 23

# INTRODUCTION

The State Defendants are not surprised to be on the receiving end of another meritless filing by the Plaintiff Attorneys. Recalling a mandate is a rare occurrence only to be exercised under extraordinary circumstances to remedy an actual injustice. But the Plaintiff Attorneys' motion presents no such grounds. Rather, their motion is nothing more than a poorly disguised effort to rehash or reframe legal arguments already rejected by this Court.

This frivolous attempt to stall or evade paying the $152,000 in fees the Plaintiff Attorneys now owe to the City of Detroit and the State Defendants should be rejected—and sanctioned—by this Court.

# RELEVANT FACTS

On June 23, 2023, this Court issued its thorough opinion affirming in part, and reversing in part, the district court's August 25, 2021, opinion and order, (R. 172), granting sanctions against Plaintiff Attorneys Sidney Powell, Greg Rohl, Scott Hagerstrom, Julia Haller, Howard Kleinhendler and Brandon Johnson, and the court's subsequent order, (R. 179), awarding attorney fees and imposing additional sanctions.

The Plaintiff Attorneys thereafter filed a petition for rehearing en banc, (Doc. 84), which was denied with no judge requesting a vote on the suggestion for rehearing, (Doc. 48-1). The Plaintiff Attorneys then moved to stay this Court's mandate in light of their intent to file a petition for certiorari in the U.S. Supreme Court, (Doc. 87), which this Court granted, (Doc. 88).

The Plaintiff Attorneys filed a petition for certiorari in the U.S. Supreme Court on November 6, 2023.[1] The State Defendants exercised their right to waive filing a response unless requested to do so by the Supreme Court.[2] Defendant City of Detroit filed a response in opposition to the petition.[3] The Plaintiff Attorneys thereafter filed a reply in support of their petition,[4] and later filed a "motion to

---

[1] The petition is available online on the U.S. Supreme Court's website at 20231106174018357_DTR Cert Pet ED Mich Sanctions.pdf (supremecourt.gov), (accessed May 12, 2024.)

[2] The waiver is available online on the U.S. Supreme Court's website at Waiver (supremecourt.gov), (accessed May 12, 2024.)

[3] The response is available online on the U.S. Supreme Court's website at King v Whitmer - Powell Response 23-486.DOCX (supremecourt.gov), (accessed May 12, 2024.)

[4] The reply is available online on the U.S. Supreme Court's website at 20240129180901394_DTR Reply ED Mich Sanctions.pdf (supremecourt.gov), (accessed May 12, 2024.)

supplement questions presented and to expedite."[5]  The Supreme Court

denied the petition on February 20, 2024.[6]  This Court issued the

mandate in the case on February 21, 2024.  (Doc. 91.)

On March 18, 2024, Plaintiff Attorneys filed a petition for

rehearing in the Supreme Court,[7] and later a supplemental brief in

support of their petition for rehearing.[8]  The Plaintiff Attorneys also

filed a motion to recall the mandate in this case in light of the petition

for rehearing.  (Doc. 92.)  The City of Detroit filed a response in

opposition to the motion to recall the mandate.  (Doc. 93.)  This Court

denied the motion on April 9, 2024.  (Doc. 94.)

---

[5] The motion is available online on the U.S. Supreme Court's website at 20240213153011778_DTR ED Mich Mot to Expedite signed.pdf (supremecourt.gov), (accessed May 12, 2024.)

[6] *See* Docket entry for February 20, 2024, available online on the U.S. Supreme Court's website at Search - Supreme Court of the United States, (accessed May 12, 2024.)

[7] The petition for rehearing is available online on the U.S. Supreme Court's website at 20240318151438313_DTR Rehearing Pet ED Mich Sanctions Signed.pdf (supremecourt.gov), (accessed May 12, 2024.)

[8] The supplemental brief is available online on the U.S. Supreme Court's website at 20240326152531018_DTR Suppl ED Mich Sanctions FBI filed.pdf (supremecourt.gov), (accessed May 12, 2024.)

A short time later, on April 15, 2024, the Supreme Court denied Plaintiff Attorneys' petition for rehearing.[9]  On May 3, 2024, the Plaintiff Attorneys filed the instant motion to recall the mandate.  (Doc. 97-1.)

For the reasons set forth below, the State Defendants oppose the Plaintiff Attorneys' motion to recall this Court's mandate and request that this Court impose sanctions under 28 U.S.C. § 1927 or pursuant to the Court's inherent authority.

## ARGUMENT

This Court has inherent authority to recall its mandate, but "such power should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals mandate."  *United States v. Saikaly*, 424 F.3d 514, 517 (6th Cir. 2005). "The sparing use of the power demonstrates [that] it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998).  As a result, a party seeking to recall a mandate must demonstrate good cause by showing

---

[9] *See* Docket entry for April 15, 2024, available at [Search - Supreme Court of the United States](#), (accessed May 12, 2024.)

exceptional circumstances such as a fraud upon the court, clarification of an outstanding mandate, or correction of a clerical mistake.

*Patterson v. Haskins*, 470 F.3d 645, 662 (6th Cir. 2006); *BellSouth Corp. v. FCC*, 96 F.3d 849, 851-52 (6th Cir. 1996) (enumerating "frequently cited" grounds for recalling a mandate).

Such extraordinary or exceptional circumstances or grave, unforeseen contingencies are not present here, nor have the Plaintiff Attorneys demonstrated they have suffered an actual injustice that needs remedying.

**A.    The Supreme Court decisions in *Moore v. Harper* and *FBI v. Fikre* do not call into question the integrity of this Court's opinion affirming the imposition of sanctions against the Plaintiff Attorneys.**

In their motion, the Plaintiff Attorneys observe that "[n]ew Supreme Court decisions can 'call[] into question the integrity of the earlier panel decision and amount[] to extraordinary circumstances that merit recall of the mandate.' " (Doc. 97-1, Mot., p 1) (quoting *Patterson*, 470 F.3d at 662).  They argue that *Moore v. Harper*, 143 S. Ct. 2065 (2023) and *FBI v. Fikre*, 144 S. Ct. 771 (2024) are intervening decisions that warrant vacating the imposition of sanctions under 28 U.S.C.

§ 1927.

Plaintiff Attorneys cite these decisions for their respective discussions of whether the legal challenges in those cases were moot. In both cases, the Supreme Court concluded that the challenges before it were not moot. *Moore*, 143 S. Ct. at 2076–79 (Elections Clause challenge to redrawn legislative districts not moot); *Fikre*, 144 S. Ct. at 777-79) (plaintiff's due process challenge to being placed on "No Fly List" not rendered moot by federal government's voluntary decision to remove plaintiff from list).

The Plaintiff Attorneys argue that:

> Under *Fikre* and *Moore*, the Elections and Electors Clause claim was neither moot nor improper. Indeed, *Fikre* reversed a decision on which this Court relied to find that governments bear *lower* burdens to show mootness. *Compare Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767-68 (6th Cir. 2019) (citing *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018)) *with Fikre*, 144 S. Ct. at 777 (burden "holds for governmental defendants no less than for private ones"). Appellees cannot meet their *Fikre* burden on mootness.

(Doc. 97-1, Mot., pp 6-7.) But neither *Moore* nor *Fikre* articulated any new standard concerning the application of the mootness doctrine. Nor is either decision relevant to the facts of this case.

In *Moore*, the Supreme Court addressed whether an "intervening circumstance" – the North Carolina Supreme Court's decision to withdraw one of its underlying decisions and to overrule another – mooted claims that the Elections Clause precluded state-court review of legislatively drawn maps. 143 S. Ct. at 2076-79. The Court concluded those events did not moot that particular case and went on to reject the argument that the Elections Clause insulated state legislatures from review by state courts for compliance with state law. (*Id.*) In *Fikre*, the Supreme Court confirmed that when a government relies on its "voluntary cessation" of a challenged practice to argue a case is moot, it must "prove ' "no reasonable expectation" ' remains that it will 'return to [its] old ways.' " *Fikre*, 144 S. Ct. at 777 (citation omitted).

But here, the mootness analysis did not, per se, turn on intervening circumstances or any voluntary cessation of challenged conduct. Rather, this Court agreed with the State Defendants' argument that Plaintiffs' claims, including its Elections Clause claim, became moot after the December 14, 2020, electoral-college vote where Plaintiffs *conceded* as much in their petition to the Supreme Court from the denial of their motion for preliminary injunctive relief. (Doc. 43-2,

Opin., pp 4, 21-22.)  As a result, this Court held that the district court properly imposed sanctions under § 1927.  (*Id.*, pp 21-22.)

Thus, while *Moore* and *Fikre* post-date this Court's opinion, the decisions do not—in any way—call into question the integrity of this Court's opinion such that they constitute an extraordinary circumstance warranting recall of the mandate.  Moreover, the Plaintiff Attorneys briefed *Moore* in their recent petition for certiorari before the Supreme Court,[10] and discussed it again in their subsequent "motion to supplement questions presented and to expedite."[11]  And later, the Plaintiff Attorneys filed a supplemental brief in support of their petition for rehearing dedicated to the decision in *Fikre* and its mootness analysis.[12]  Had the Supreme Court believed that its decisions in *Moore*

---

[10] *See* November 6, 2023, petition for certiorari, Case No. 23-486, pp 8, 20, 34-35, available at 20231106174018357_DTR Cert Pet ED Mich Sanctions.pdf (supremecourt.gov), (accessed May 12, 2024.)

[11] *See* February 13, 2024, motion to supplement, Case No. 23-486, pp 1, 3-4, 17, 34, available at 20240213153011778_DTR ED Mich Mot to Expedite signed.pdf (supremecourt.gov), (accessed May 12, 2024.)

[12] *See* March 26, 2024, supplemental brief on *FBI v. Fikre*, Case No. 23-486, available at 20240326152531018_DTR Suppl ED Mich Sanctions FBI filed.pdf (supremecourt.gov), (accessed May 12, 2024.)

or *Fikre* warranted review of this Court's opinion, it would have granted the Plaintiff Attorneys some form of relief, but it did not.[13]

This argument is merely a guise to reargue that their legal claims, including their Elections Clause claims, were not, as Plaintiffs conceded in their petition, rendered moot after the electoral college vote on December 14, 2020.  This Court already rejected that argument.

The Plaintiff Attorneys attempt to supplement this argument with references to a state-court case, *Genetski, et al v. Benson*, Mich. Ct. Cl. 20-000216-MM (2021), in which Secretary Benson defended guidance she issued for conducting signature comparisons on absent voter ballot applications and absent voter ballot return envelopes, but which guidance the court ultimately held in a March 9, 2021, decision was unlawful because it had to be promulgated as a rule.  (Doc. 97-1, Mot., p 13, ¶ 2, pp 19, 25-26.)  They argue the fact that the Secretary and her counsel continued to defend her guidance past December 14, 2020, shows their Elections Clause claim was not moot as to future elections. (*Id.*)

_____

[13] The Plaintiff Attorneys also noted their supplemental brief on *Fikre* to this Court in their motion to recall the mandate filed March 28, 2024. (Doc. 92, Page ID # 2.)

As Plaintiff Attorneys note, the amended complaint contained allegations that City of Detroit election officials were not verifying signatures on absent voter ballot envelopes at the City's absent voter counting board.  (Doc. 97-1, Mot., p 24.)  But as this Court observed in its opinion, by statute, signatures on absent voter ballot envelopes are not verified at absent voter counting boards; instead, verification is done earlier at clerk offices.  (Doc. 43-2, Op., pp 15-16.) (*See also* R. 39-5, Thomas Aff., Page ID # 2877, ¶ 19.)  So, the Secretary's guidance for conducting signature comparisons and the *Genetski* litigation do nothing to support either the merit of Plaintiffs' Elections Clause claims as pled or the argument that the claims were not moot.  It is also worth noting that the trial court in *Genetski* denied injunctive relief prior to the November 2020 election—meaning that the Secretary's guidance lawfully remained in effect throughout that election, and City of Detroit officials could not be faulted for following that guidance.  *Genetski, et al v. Benson*, Mich. Ct. Cl. 20-000216-MM (2021).[14]

---

[14] *See* docket entry in *Genetski, et al v. Benson*, for November 2, 2020, available at RegisterOfActions (michigan.gov), (accessed May 12, 2024.)

Under these circumstances, the Plaintiff Attorneys' motion to recall the mandate based on the decisions in *Moore* and *Fikre* should be denied.

**B.** **The State Defendants have not committed a fraud upon this Court that would give rise to extraordinary circumstances warranting recall of the mandate.**

The Plaintiff Attorneys also argue that the State's attorneys have committed a fraud upon the Court that supports recall of the mandate.

"The elements of a 'fraud upon the court' are numerous":

> Fraud on the court is conduct: 1) on the part of an officer of the court; 2) that is directed to the judicial machinery itself; 3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; 5) that deceives the court. *See Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993). In other words, an officer of the court must have intentionally or recklessly failed to disclose information to the court that would have the result of deceiving it.

*Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000).

The Plaintiff Attorneys' theory is that undersigned counsel— Assistant Attorneys General (AAG) Heather S. Meingast and Erik A. Grill, along with Michigan Solicitor General Ann M. Sherman— demonstrated a lack of candor to this Court. They note that in the State Defendants' brief in opposition to Plaintiff Attorneys' petition for

certiorari in the Supreme Court from the denial of injunctive relief, the State wrote that Plaintiffs still had the opportunity for relief in the lower court or on appeal from a final judgment. (Doc. 97-1, Mot., p 13, ¶1.) Thus, Plaintiffs argue that these State counsel acknowledged that their claims were not moot outside of their request for interim relief (*id.*, p 13, ¶1, 16), yet in their briefing to this Court took an inconsistent position by arguing that Plaintiffs' claims were moot (*id*, pp 16-18).

The Plaintiff Attorneys further argue that State counsel failed to apprise this Court of pertinent decisions stating that where claims for injunctive relief are moot, the underlying merits claims may not be, such as *University of Texas v. Camenisch,* 451 U.S. 390, 393-94 (1981). (*Id.*, pp 17-18.) This includes a Michigan case, *Bogaert v. Land*, 543 F.3d 862 (6th Cir. 2008), in which AAG Meingast and Solicitor General Sherman—then an AAG—participated as counsel. (*Id.*, pp 13, ¶3, 17-19, 21.)

They assert that "Michigan's lack of candor regarding *Camenisch* and *Boagert* [sic] approaches fraud on the court under the reckless-disregard *Demjanjuk* factor," and that "[e]ven without fraud, Michigan's inconsistent positions—and Appellants' 'actual innocence'

under §1927—warrant recalling the mandate to reconsider mootness under *Fikre*." (*Id.*, p 17.) They similarly assert that "[u]nder the duties of candor in Rules 3.3(a)(2) and 46(c), [Attorneys Meingast, Grill and Sherman] recklessly disregarded ethical duties in material court filings that deceived this Court," but that "[e]ven if these government counsel's lack of candor did not rise to fraud on the court, they could never show mootness under *Fikre*." (*Id.*, p 21.) The Plaintiff Attorneys requested that the Court allow them "to seek § 1927 sanctions for Michigan's 'reckless disregard of the duty owed by counsel to the court.' " (*Id.*, p 34) (quoting *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987).

But these arguments are not just meritless, they are frivolous.

A brief factual refresher is helpful. The district court denied the motion for injunctive relief on December 7, 2020. (R. 62, Op. & Order, Page ID #3295.) Plaintiffs filed their petition for certiorari from that decision in the Supreme Court on December 11, 2020. In it, they noted they sought "immediate preliminary relief . . . to maintain the status quo *so that the passage of time and the actions of Respondents do not render the case moot*, depriving th[e] [Supreme] Court of the

opportunity to resolve the weighty issues presented herein and Respondents *of any possibility of obtaining meaningful relief.*" (R. 105, Defs' Mot. Sanctions, Ex A, Petition, Page ID # 4395) (emphasis added.) Plaintiffs expressly acknowledged that "[*o*]*nce the electoral votes are cast, subsequent relief would be pointless,*" and "the petition would be moot." (*Id.*, Page ID # 4401, 4409) (emphasis added.)  Plaintiffs did not move to expedite their petition at that time.

On December 14, 2020, Michigan's presidential electors cast their votes for then President-elect Joseph Biden, and the results were transmitted to the U.S. Archivist.

On December 22, 2020, the State Defendants filed a motion to dismiss Plaintiffs' amended complaint after Plaintiffs did not agree to dismiss their suit.  In their motion, the State Defendants argued that Plaintiffs' claims, and all the relief they specifically sought, were moot since Michigan's electors had met and voted on December 14.  (R. 70, Defs' Mot. to Dismiss, Page ID # 3380-83.)

On January 6, 2021, Congress convened in a joint session as required by 3 U.S.C. § 15 to count the electoral votes of the fifty states

and the District of Columbia. And at the end of the joint session, Mr. Biden was certified the winner and the new President.

On January 12, 2021, the Plaintiff Attorneys filed a motion to extend the time for filing their response to the State's (and the other parties') motions to dismiss to January 19. (R. 82, Mot. Ext., Page ID # 3857.)

On January 14, 2021, the State Defendants filed their brief in opposition to Plaintiffs' petition for certiorari in Case No. 20-815. In their brief, the State Defendants argued that Plaintiffs' appeal of the denial of their motion for preliminary injunction was moot.[15] The State Defendants noted Plaintiffs' concession that "subsequent relief" would be "pointless" and that their petition would be "moot."[16] Later, in addressing the first prong of the exception to mootness for disputes capable of repetition yet evading review, State counsel wrote:

> . . . Petitioners' request for injunctive relief was not fully litigated before Michigan's electors voted (although it likely could have been had counsel acted with the requisite haste). Nonetheless, Petitioners continue to pursue the merits of

---

[15] *See* January 14, 2020, State's brief in opposition, pp 9-14, [20210114154220190_20-815 King BIO.pdf (supremecourt.gov)](#), (accessed May 12, 2024.)

[16] (*Id.*, p 11.)

their claims below. They have not dismissed their case and will presumably be opposing Respondents' motion to dismiss. Accordingly, Petitioners still have the opportunity for their day in court, including in the Sixth Circuit and possibly this Court, after the district court enters a final judgment. See, e.g., *University of Texas* v. *Camenisch*, 451 U.S. 390, 393–394 (1981) (issue of preliminary injunction was moot but case as a whole remained alive). Accordingly, the first prong of the exception to mootness is not met.[17]

The brief goes on to argue that the second prong of the exception was met, and thus, that the petition was moot.

Plaintiff Attorneys argue that this language demonstrates that State counsel did not believe Plaintiffs' merits claims were moot. But that is a plain misreading of the text and circumstances. The passage simply recognizes that Plaintiffs' merits claims were still pending in the district court, and if they ultimately failed, Plaintiffs could appeal that decision. Indeed, as noted above, the State Defendants had expressly argued in their motion to dismiss that Plaintiffs' claims were moot. Accordingly, it was the State Defendants' position that both the underlying case and the petition for certiorari were moot. Of course, later that same evening, Plaintiffs voluntarily dismissed their case in

---

[17] (*Id.*, pp 12-13.)

the district court, (R. 86 to 91), although they did not dismiss the
petition for certiorari, which was later denied on February 22, 2021.

The State Defendants' legal positions in the district court, in the
Supreme Court, and before this Court were entirely consistent, and
State counsel certainly did not fail to bring any relevant caselaw to this
Court's attention. Further, Plaintiff Attorneys essentially made this
same argument in their "supplemental brief on *FBI v. Fikre*" in the
Supreme Court:

> Indeed, the Michigan respondents admitted that the merits
> dispute in district court was not moot when they filed their
> opposition on January 14, 2021:
>
> > Petitioners still have the opportunity for their
> > day in court, including in the Sixth Circuit and
> > possibly this Court, after the district court enters
> > a final judgment. Mich. King Opp'n at 12-13
> > (citing *Camenisch*, 451 U.S. at 393-94).
>
> Having prevailed before this Court to have the petition in
> No. 20-815 denied, Michigan may well be estopped from
> inverting its argument here, arguing the opposite to secure
> sanctions in district court.[18]

---

[18] *See* March 26, 2024, supplemental brief on *FBI v. Fikre*, Case No. 23-486, p 10, available at 20240326152531018_DTR Suppl ED Mich Sanctions FBI filed.pdf (supremecourt.gov) (emphasis in original) (accessed May 12, 2024.)

This argument did not transform into one alleging that State counsel had committed fraud upon the Court until the instant motion to recall the mandate. Regardless, had the Supreme Court thought this argument had any merit, it could or would have granted the Plaintiff Attorneys some form of relief. But it did not do so.

Under these circumstances, the Plaintiff Attorneys' motion to recall the mandate based on their claim of fraud upon the Court should be denied.

**C.** **The Plaintiff Attorneys have not identified any extraordinary circumstances warranting recall of the mandate in connection with the Court's affirmance of the bar-referral sanctions.**

Lastly, the Plaintiff Attorneys ask this Court to review its affirmance of the bar-referral sanctions where the City of Detroit "acknowledged that it sought bar-referral relief solely under Local Rule 83.22(c), not Rule 11." (Doc. 97-1, Mot., p 27.) They say this admission "undermines this Court's holding jurisdictionally and substantively" with respect to the Rule 11 sanctions. (*Id*.)

But even if this was some sort of admission rather than a confirmation or clarification, the Plaintiff Attorneys do not explain how

it impacts this Court's decision, which upheld the bar-referral sanctions under Local Rule 83.22, not under Rule 11. (Doc. 43-2, Op., p 26.) Furthermore, the Plaintiff Attorneys addressed this so-called admission in their reply in support of their petition for certiorari.[19]  Again, if the Supreme Court had found this issue of any significance, it would have granted the Plaintiff Attorneys some form of relief, but it did not.

Like the arguments discussed above, this one too, is simply an effort to rehash the Plaintiff Attorneys' Rule 11 arguments.  Plaintiff Attorneys have not shown any exceptional circumstances warranting recall of the mandate on this basis, and the motion should be denied.

### D.    This Court should sanction Plaintiffs' counsel for this frivolous filing.

The State Defendants respectfully request that this Court impose sanctions against the Plaintiff Attorneys and/or their counsel under 28 U.S.C. § 1927 or pursuant to its inherent authority and award attorney fees.

---

[19] *See* January 29, 2024, reply brief in support of petition for certiorari, Case No. 23-486, p 1, available at 20240129180901394_DTR Reply ED Mich Sanctions.pdf (supremecourt.gov) (accessed May 12, 2024.)

As this Court is fully aware from the briefing in this appeal, 28 U.S.C. § 1927 makes attorneys personally liable for "multipl[ying] the proceedings ... unreasonably and vexatiously." Sanctions are appropriate under § 1927 "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.' " *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987) ). The attorney need not have acted in bad faith to warrant a sanction, but his conduct "must amount to more than simple inadvertence or negligence that has frustrated" the court. *Id.* Section 1927's purpose is to "deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

Here, the Plaintiff Attorney's arguments that the decisions in *Moore* and *Fikre*, along with the state-court decision in *Genetski*, support a recall of the mandate to reexamine the issue of mootness are frivolous for the reasons discussed above. So, too, is their argument

that State Defendants' counsel committed a fraud upon this Court, which is premised upon a willful misreading of the State Defendants' filings. And finally, their argument concerning the bar-referral sanctions likewise presents no exceptional circumstances supporting recall of the mandate and is frivolous.

Indeed, the motion to recall the mandate and the arguments contained therein are an obvious, last-ditch effort to extend this appeal and delay paying the sanctions that Plaintiff Attorneys now owe to the State Defendants and the City of Detroit. This Court should sanction this vexatious effort at delay.

Alternatively, or in addition, this Court should sanction Plaintiff Attorneys and their counsel pursuant to its inherent authority. "A court may assess attorney's fees under its inherent powers 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) [ ] (internal quotation marks omitted), or when the conduct is 'tantamount to bad faith,' *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 [ ] (1980)." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011). A court may award attorney fees under the bad faith exception upon

finding the following three prongs set forth in *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) are met: "[1] that the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose such as harassment." *Id.* (quoting *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010)) (internal quotation marks omitted).

As argued above, the Plaintiff Attorneys' legal arguments in the motion to recall the mandate are frivolous—so frivolous that Plaintiff Attorneys and their counsel either knew or at the very least should have known as much. The filing thus can only be construed as an improper effort to delay they payment of the substantial sanctions they now owe Defendants. And with respect to the State Defendants and their counsel, the claim that counsel committed a fraud upon this Court is so unsupported that its only purpose could have been to malign and harass the State Defendants.

The imposition of sanctions under either, or both, § 1927 and this Court's inherent authority is plainly supported in this case. This Court

should thus award State Defendants their attorney fees associated with responding to the motion, and any other appropriate relief.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, Defendants Governor Gretchen Whitmer and Secretary of State Jocelyn Benson respectfully request that this Honorable Court deny the Plaintiff Attorneys' motion to recall the mandate issued in this case and order the imposition of sanctions against the Plaintiff Attorneys and their counsel under 28 U.S.C. § 1927 or the Court's inherent authority and award attorneys fees and any other appropriate relief.

Respectfully submitted,

*s/Heather S. Meingast*
Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: meingasth@michigan.gov
Dated: May 13, 2024          P55439

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Heather S. Meingast*

Heather S. Meingast (P55439)
Assistant Attorney General
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659
Email: meingasth@michigan.gov
P55439

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1.　　This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the part of the document exempted by Federal Rule of Appellate Procedure 32(f), this brief contains no more than 5,200 words.  This document contains 4,507 words.

2.　　This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word 2013 in 14-point Century Schoolbook.

*s/Heather S. Meingast*
Heather S. Meingast (P55439)
Assistant Attorney General
Co-Counsel of Record
Attorney for Defendants-Appellants
P.O. Box 30736
Lansing, Michigan 48909
517.335.7659