Case No. 21-1786

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

TIMOTHY KING, et al.

    Plaintiffs,

    and,

GREGORY J. ROHL, BRANDON JOHNSON, HOWARD KLEINHENDLER, SIDNEY POWELL, JULIA HALLER; SCOTT HAGERSTROM

    Interested Parties-Appellants,

    v.

GRETCHEN WHITMER, JOCELYN BENSON, CITY OF DETROIT

    Defendants-Appellees.

_____

On Appeal from the United States District Court for the Eastern District of Michigan, No. 2:20-cv-13134

_____

**DEFENDANT-APPELLEE CITY OF DETROIT'S RESPONSE TO APPELLANTS' MOTION TO RECALL THE MANDATE [DKT. 97-1] AND REQUEST FOR FEES, COSTS, AND INJUNCTIVE RELIEF BARRING APPELLANTS FROM SUBMITTING FURTHER FILINGS**

David H. Fink (MI – P28235)
Nathan J. Fink (MI – P75185)
David A. Bergh (MI – P83696)
Attorneys for the City of Detroit
**FINK BRESSACK**
645 Griswold St., Suite 1717
Detroit, MI 48226
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com

# **CORPORATE DISCLOSURE STATEMENT**

Defendant-Appellee City of Detroit is a municipal corporation and is not a subsidiary or an affiliate of a publicly owned corporation.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF AUTHORITIES ................................................................................ iii

I. INTRODUCTION ........................................................................................1

II. ARGUMENT................................................................................................2

    a. Standard of Review ...............................................................................2

    b. Appellants Have Failed to Demonstrate Exceptional Circumstances...2

        i. Neither *Moore v. Harper* Nor *FBI v. Fikre* Support Recalling the Mandate..............................................................................4

        ii. Appellants' Late Realization that the City Sought Disciplinary Referrals under E.D. Mich. LR 83.22 Does Not Support Recalling the Mandate. .............................................................6

    c. Appellants Should Be Enjoined From Submitting Further Filings.......8

    d. Costs and Fees Should Be Assessed Against Appellants. ....................9

III. CONCLUSION .........................................................................................10

ADDENDUM ......................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Apprendi v. New Jersey*, 530 U.S. 446 (2000)..................................................3

*BellSouth Corp. v. FCC*, 96 F.3d 849 (6th Cir. 1996)..............................3

*Calderon v. Thompson*, 523 U.S. 538 (1998)........................................1, 2

*FBI v. Fikre*, 601 U.S. 234 (2024) ...................................................................4, 5

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264 (6th Cir. 1998)...............8

*Genetski v. Benson*, 2021 WL 1624452 (Mich. Ct. Cl. Mar. 9 2021) .......5

*Hines v. Royal Indem. Co.*, 253 F.2d 111 (6th Cir. 1958) ........................3

*Metz v. Unizan Bank*, 655 F.3d 485 (6th Cir. 2011) ....................................9

*Moore v. Harper*, 600 U.S. 1 (2023) ........................................................4

*Patterson v. Haskins*, 470 F.3d 645 (6th Cir. 2006) ......................... 1, 2, 3

*Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389 (6th Cir. 2009) .......9

*Ridder v. Springfield*, 109 F.3d 288 (6th Cir. 1997)..................................7

*Robinson v. Jones*, 142 F.3d 905 (6th Cir. 1998) ....................................5, 7

*U.S. v. Murray*, 2 F. App'x. 398 (6th Cir. 2001) ........................................3

*United States v. Saikaly,* 424 F.3d 514 (6th Cir. 2005) .............................2

*Willy v. Coastal Corp.*, 503 U.S. 131 (1992)..............................................7

**Statutes**

28 U.S.C. § 1927...............................................................................8, 9

**Rules**

E.D. Mich. LR 83.22 ................................................................................................6

Fed. R. App. P. 41(d)(4) ..........................................................................................8

Fed. R. Civ. P. 11 ....................................................................................................7

## I. INTRODUCTION

The Motion filed by Appellants Gregory Rohl, Brandon Johnson, Howard Kleinhendler, Sidney Powell, Julia Haller, and Scott Hagerstrom (collectively "Appellants") is styled as a "Motion to Recall the Mandate[.]" ((hereafter the "Motion"), Case No. 21-1786, Dkt. 97-1.) In fact, the Motion is a thinly-veiled, and procedurally improper, motion for rehearing. Appellants initially sought review by this Court, and the sanctions imposed by the District Court were reversed in part and affirmed in part. Appellants then unsuccessfully sought rehearing *en banc*. Finally, Appellants sought, and were denied, review by the Supreme Court. (Case No. 21-1786, Dkt. 89; 90). Apparently unwilling to concede that they have exhausted their appellate options, Appellants, who have shown a disturbing pattern of ignoring court rules and multiplying proceedings, now attempt to relitigate their appeal.

Recall of the mandate is a remedy "of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998). In this Circuit, a party seeking recall of the mandate must demonstrate "good cause" through a showing of "exceptional circumstances[.]" *Patterson v. Haskins*, 470 F.3d 645, 662 (6th Cir. 2006). Appellants identify three issues they claim qualify as "exceptional circumstances": (1) the decisions of the Supreme Court entered in two tangentially related cases; (2) supposed "fraud upon the court" by the State

1

Defendants[1]; and (3) an alleged "new admission" by the City in its Supreme Court briefing. (Motion, Case No. 21-1786, Dkt. 97-1 at pp. 11, 27.) None of these issues justifies recalling the mandate. Appellants have failed to demonstrate the necessary exceptional circumstances to support the extraordinary relief they seek.

## II. ARGUMENT

### a. Standard of Review

"Although courts of appeals have the inherent authority to recall a mandate, such power should only be exercised in extraordinary circumstances because of the profound interests in repose attached to a court of appeals mandate." *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005). The power to recall a mandate should be "exercised sparingly" because it is a power "of last resort, to be held in reserve against grave, unforeseen contingencies." *Patterson*, 470 F.3d at 662 (quoting 16 Wright, Miller & Cooper, Federal Practice and Procedure § 3938 and *Calderon*, 523 U.S. at 547).

### b. Appellants Have Failed to Demonstrate Exceptional Circumstances.

In this Circuit, "one seeking recall of a mandate must demonstrate good cause for that action through a showing of exceptional circumstances, including, but not

---

[1] The State Defendants intend to file a separate response in opposition to Appellants' Motion. The City therefore does not address the arguments regarding the State Defendants.

limited to fraud upon the court, clarification on an outstanding mandate, or correction of a clerical mistake." *Patterson*, 470 F.3d at 662 (quoting *BellSouth Corp. v. FCC*, 96 F.3d 849, 851-52 (6th Cir. 1996)) (quotation marks and brackets omitted). Movants have failed to identify any such exceptional circumstances. Instead, the Motion constitutes an improper attempt to seek reconsideration of this Court's June 23, 2023 Opinion.[2] Where a motion seeking recall of a mandate merely alleges that the Court misapplied the law, it is "a petition for a rehearing under a different name" and it will not be considered. *Hines v. Royal Indem. Co.*, 253 F.2d 111, 113-14 (6th Cir. 1958).

In exceptional circumstances, a supervening decision of the Supreme Court may support recalling a mandate. *Patterson*, 470 F.3d at 662. It appears that this Court has recalled its mandate based on a supervening Supreme Court case on only one occasion, in *U.S. v. Murray*, 2 F. App'x. 398 (6th Cir. 2001). In *Murray*, this Court recalled the mandate based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 446 (2000). *Murray*, 2 F. App'x. at 400. The appellant in *Murray* had been sentenced to 25 years in prison for conspiring to possess and distribute cocaine in violation of 21 U.S.C. § 841(a) and § 846, both of which mandate prison terms based on the amount of drugs possessed. *Id.* at 398-99. The

---

[2] Appellants already sought, and were denied, a rehearing *en banc*. (Order Denying Petitions for Rehearing En Banc, Case No. 21-1786, Dkt. 48-1.) Appellants did not seek a panel rehearing within the time specified by Fed. R. App. P. 40.

3

district court did not submit to the jury the quantity of drugs Murray conspired to possess. *Id*. After his conviction was upheld by the Sixth Circuit, but before judgment was entered, the Supreme Court decided *Apprendi*, holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Because Murray had been sentenced to 25 years, which was beyond the statutory maximum, without submission of the amount of drugs possessed to the jury, this Court recalled the mandate to permit him to be re-sentenced in line with *Apprendi*. *Murray*, 2 F. App'x. at 400.

### i. Neither *Moore v. Harper* Nor *FBI v. Fikre* Support Recalling the Mandate.

While a supervening Supreme Court decision may support recalling the mandate in extraordinary circumstances, neither *Moore v. Harper*, 600 U.S. 1 (2023) nor *FBI v. Fikre*, 601 U.S. 234 (2024) supports recalling the mandate here.

Appellants do not actually make any argument that this Court's Opinion conflicts with *Moore*. Instead, they argue that the Panel "missed allegations making the claim that Michigan violated the Elections and Electors Clauses[.]" (Motion, Case No. 21-1786, Dkt. 97-1 at p. 24.) Assuming *arguendo* that this is a valid basis on which to seek recall of the mandate, these allegations cannot save Appellants' Elections and Electors Clause claim, as the allegations relate to actions by election

workers, not the actions of Governor Whitmer or Secretary Benson.[3] (Opinion, Case No. 21-1785, Dkt. 43-2 at 19.)

Likewise, *Fikre* has little, if any, relevance to this appeal.[4] Unlike this case, which involved mootness in the context of an election challenge, *Fikre* addressed the applicability of mootness where a defendant sought to moot a lawsuit by voluntarily ceasing the challenged behavior. The question in *Fikre* was whether the federal government could moot the plaintiff's challenge to his placement on the "No Fly List" by removing him from the list. *Fikre*, 601 U.S. at 239-40. The Supreme Court held that, to moot a case on the basis of voluntary cessation, a defendant has the "formidable burden" of proving that there is "no reasonable expectation remains that it will return to its old ways." *Id*. at 241 (quotation marks and brackets omitted).

Appellants try to make *Fikre* relevant by arguing that "[i]n *Genetski* [*v. Benson*, 2021 WL 1624452 (Mich. Ct. Cl. Mar. 9 2021)], Secretary Benson defended her unlawful Signature-Verification Standards through February 17, 2021, which

---

[3] Even if *Moore* had created "exceptional circumstances," Appellants waived that argument. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998) (issues not raised on appeal "are considered abandoned and not reviewable[.]"). *Moore* was decided on June 27, 2023, four days after this court issued its June 23, 2023 Opinion. Appellants filed their Petition for Rehearing *En Banc* on July 11, 2023, but did not argue that the Panel's decision conflicted with *Moore*. (Case No. 21-1786, Dkt. 84.)

[4] Appellants also note that "*Fikre* reversed a decision on which this Court relied to find that governments bear lower burdens to show mootness." (Motion, Case No. 21-1786, Dkt. 97-1 at p. 16.) That this Court cited the Ninth Circuit's *Fikre* opinion in another matter does not make *Fikre* relevant to this case.

5

disqualifies a voluntary-cessation defense for future elections." (Motion, Case No. 21-1786, Dkt. 97-1, p. 19) (citation and emphasis omitted.) Here, Appellants' lawsuit did not challenge the signature verification standards at issue in *Genetski*. Rather, Appellants alleged that election workers violated the law by failing to compare signatures at absent voter counting boards.[5] (Amended Complaint, RE 6, Page ID # 879 at ¶ 15(C).)

> ### ii. Appellants' Late Realization that the City Sought Disciplinary Referrals under E.D. Mich. LR 83.22 Does Not Support Recalling the Mandate.

Strangely, Appellants argue that recalling the mandate is warranted because of the City's "new admission" that it sought bar referral relief under E.D. Mich. LR 83.22(c), rather than under Rule 11. (Motion, Case No. 21-1786, Dkt. 97-1 at p. 27.) That the City sought bar referral sanctions under LR 83.22(c) should not come as a surprise to Appellants—the City explicitly stated in its Motion for Sanctions, which was filed on January 5, 2021, that the bar referral relief sought was authorized under "E. D. Mich. LR 83.22[.]" (City's Motion for Rule 11 Sanctions, RE 78, Page ID # 3622.)

---

[5] As this Court recognized, Appellants' claim under the Elections and Electors Clause reflected a basic misunderstanding of Michigan election law. Signatures are not compared at absent voter counting boards; they are compared by the clerk before they are delivered to the absent voter counting boards. (Opinion, Case No 21-1785, Dkt. 43-2 at 16.)

6

Appellants' arguments on the merits regarding the bar referral relief fare no better. Appellants cite no authority for their argument that the City lacked Article III standing to seek bar referral relief. Nor could they, since sanctions issues are "collateral to the merits[,]" and a court may impose sanctions even where it lacks subject matter jurisdiction over the underlying litigation. *Willy v. Coastal Corp.*, 503 U.S. 131, 137-39 (1992). Appellants claim *Willy* is "irrelevant" because it "involved attorney-fee sanctions" but offer no explanation as to why that fact distinguishes *Willy*.[6] (Motion, Case No. 21-1786, Dkt. 97-1 at p. 27.) Next, Appellants attempt to relitigate the district court's factual findings regarding the involvement of the out-of-state attorneys. Appellants waived that issue when they failed to raise it on appeal. *Robinson*, 142 F.3d at 906. Finally, Appellants argue that it was improper for the City to seek relief under E.D. Mich. LR 83.22 in its Motion for Rule 11 Sanctions because Rule 11 requires that "motion[s] for sanctions must be made separately from any other motion[.]" (Motion, Case No. 21-1786, Dkt. 97-1 at p. 30.) This argument, like the rest of Appellants' arguments, is frivolous. *Ridder v. Springfield*, 109 F.3d 288, 294 n. 7 (6th Cir. 1997) (noting that Rule 11's "separate" motion requirement "is intended to highlight the sanctions request by preventing it from being tacked

---

[6] The issue in *Willy* was not whether a party seeking sanctions must satisfy the requirements of Article III as to each sanction sought, but whether the district court could impose Rule 11 sanctions where it lacked jurisdiction over the underlying merits. *Id*. at 133-34.

7

onto or buried in a motion on the merits" and reasoning that a motion requesting sanctions and attorney fees under Rule 11, 42 U.S.C. § 1988 and § 1927 did not violate that requirement.)

### c. Appellants Should Be Enjoined From Submitting Further Filings.

Appellants were ordered to pay $132,810.62 in attorney fees to the City. Rather than pay that amount, after exhausting all legitimate appeals, Appellants continue to multiply the proceedings. The City's fee award is being effectively diminished because the City has been compelled to expend additional attorney fees and costs responding to this motion. Nor is this Appellants' first frivolous filing in this matter. Appellants filed a Motion to Enforce this Court's Stay and Recall the Mandate on the spurious basis that the Court's issuance of the mandate in accordance with Fed. R. App. P. 41(d)(4) was "administrative error." (Case No. 21-1786, Dkt. 90 at p. 3.) And, of course, the District Court's ruling that Appellants had unnecessarily multiplied proceedings was affirmed by this Court. The City should not have been required to respond to baseless motions in this Court, and it should not be required to respond to any additional frivolous motions from Appellants. The City therefore asks this Court to enjoin Appellants from making any further filings in this matter. Entry of such an injunction is within the Court's inherent power. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is

nothing unusual about imposing prefiling restriction in matters with a history of repetitive or vexatious litigation."

### d. Costs and Fees Should Be Assessed Against Appellants.

Once again Appellants have multiplied proceedings, compelling The City of Detroit to incur attorney fees. These are precisely the type of abusive litigation tactics addressed in 28 U.S.C. § 1927:

> Any attorney…who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees incurred because of such conduct.

Sanctions under § 1927 "require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009). Appellants' filing of this Motion clearly meets this standard. Appellants could not have filed this Motion expecting this Court to grant the extraordinary relief requested; Appellants filed this Motion to diminish the City's victory by forcing the City (and the State Defendants) to respond to yet another frivolous filing. Appellants' vexatious conduct should not be rewarded.[7] This Court should enter an Order requiring Appellants' counsel to

---

[7] Appellants' conduct also rises to the level of bad faith, thus allowing this Court to use its inherent authority to sanction Appellants. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) ("A court may assess attorney's fees under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct is tantamount to bad faith.") (internal citations and quotation marks omitted).

reimburse the City of Detroit for its actual attorney fees and costs expended in responding to this Motion.

## III. CONCLUSION

For the foregoing reasons, the City respectfully asks that the Court deny Appellants' Motion in its entirety, enjoin Appellants from making any further filings in this Court related to this matter, and Order Appellants to reimburse the City of Detroit for its attorney fees and costs so wrongfully incurred.

        Respectfully submitted,

        **FINK BRESSACK**

        /s/ David H. Fink
        David H. Fink (P28235)
        Nathan J. Fink (P75185)
        David A. Bergh (P83696)
        Attorneys for the City of Detroit
        645 Griswold St., Suite 1717
        Detroit, MI 48226
        Telephone: (248) 971-2500
        dfink@finkbressack.com
        nfink@finkbressack.com
        dbergh@finkbressack.com

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Defendant-Appellee's Response to Appellants' Motion to Recall the Mandate was produced in Microsoft Word, 14 point, Times New Roman font and contains 2,323 words, in compliance with Fed. R. App. P. 27(d)(2)(A).

/s/ David H. Fink

# ADDENDUM

## Designation of Relevant District Court Documents

| RE | Description of Document | Page ID # |
|---:|---|---:|
| 6 | Amended Complaint, Case No. 2:20-cv-13134 | 872-957 |
| 78 | City's Rule 11 Motion | 3616-3671 |