No. 21-1786

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 16, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| TIMOTHY KING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| GREGORY J. ROHL, et al. ) | |
| ) | O R D E R |
| Interested Parties-Appellants, ) | |
| v. ) | |
| ) | |
| GRETCHEN WHITMER, et al. ) | |
| ) | |
| Defendants-Appellees. ) | |

Before: BOGGS, KETHLEDGE, and WHITE, Circuit Judges.

Plaintiffs brought this suit in a bid to overturn the results of Michigan's 2020 presidential election. The district court found plaintiffs' complaint sanctionable, and we affirmed in part its order sanctioning plaintiffs' attorneys. The sanctioned attorneys then petitioned for a writ of certiorari, which the Supreme Court denied, ending this litigation. Thereafter, they filed a motion to recall our mandate, which we denied as meritless. *See* R. 92; *Calderon v. Thompson*, 532 U.S. 538, 549-50 (1998).

The sanctioned attorneys have now filed a second motion to recall the mandate. *See* R. 97. That motion is also meritless and is **DENIED**. *See Calderon*, 532 U.S. at 549-50. Given that the sanctioned attorneys continue to file meritless motions, we order that they must seek leave of the court for any future filings. *See, e.g.*, *In re Holbrook*, Nos. 22-1735, 22-1766 (6th Cir. Dec. 20, 2022) (order); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Finally, we

do not impose any sanctions or award any fees as a result of this most recent filing. But the attorneys should also be mindful of the possibility of sanctions for frivolous filings in this court. *See, e.g.*, 28 U.S.C. § 1927; *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011). The clerk is directed to forward any future filings by the sanctioned attorneys to a single judge for a ruling on whether leave to file should be granted.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk